IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 14-CV-148-FL

| | |
|---|---|
| TAMMY DUNN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>Defendant. | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the court on the parties' cross-Motions for Judgment on the Pleadings (D.E. 18, 19) to determine whether substantial evidence supports an administrative law judge's ("ALJ") decision that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act ("the Act"). The time for filing any responses or replies has expired and the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (D.E. 18) be DENIED, that the Defendant's Motion for Judgment on the Pleadings (D.E. 19) be GRANTED and that the Commissioner's final decision be affirmed.

I. BACKGROUND

Plaintiff Tammy Dunn ("Dunn") protectively filed an application for a period of disability and diability insurance benefits on November 26, 2010. (Tr. 118.) Her application alleged a disability that began on October 5, 2010. (*Id.*) Her claim was denied initially and upon

reconsideration. (Tr. 53, 63.) An ALJ held a hearing on July 31, 2012 and issued a decision finding that Dunn was not disabled on November 9, 2012. (Tr. 12-19.) The ALJ found that Dunn had the following severe impairments: obesity, diabetes mellitus, scoliosis, and carpel tunnel syndrome. (Tr. 14.) The ALJ also found that her impairments, alone or in combination, did not meet or equal an impairment listed under 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.) The ALJ determined that Dunn had the residual functional capacity ("RFC") to perform "the full range of light work as defined in 20 C.F.R. 404.1567(b) with frequent, but not continuous use of the hands." (*Id.*) The ALJ further determined that Dunn was able to perform her past work as a day care provider and that this work did not require activities precluded by the constraints of her RFC. (Tr. 18.) Thus, the ALJ found that Dunn was not disabled. (*Id.*)

Dunn unsuccessfully sought review of the ALJ's decision by the Appeals Council. (Tr. 1-4.) Acting *pro se*, she then commenced this action by filing a Complaint pursuant to 42 U.S.C. 405(g) on March 18, 2014. (D.E. 4.)

II. STANDARD OF REVIEW

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to determining whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Substantial evidence is greater than a mere scintilla, but it may be less than a preponderance. *Williamson v. Apfel*, 155 F.3d 564 (4th Cir. 1998). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chafer*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At step one, the claimant must prove she is not currently engaged in substantial gainful activity. At step two, the claimant must show that she has a "severe" impairment or combination of impairments significantly limiting her from performing basic work activities. At step three, the claimant must establish that her impairment meets or is medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.

If the claimant shows by a preponderance of evidence that he has a statutory impairment under step three, the ALJ must conclusively presume that she has a disability and the analysis ends. *Tune v. Astrue*, 760 F. Supp. 2d 555, 561 (E.D.N.C. 2011) (citing *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987)). However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the ALJ assesses the claimant's RFC to determine whether claimant can perform her past work despite her impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant can perform other substantial gainful work given her age, work experience, and RFC.

III. ANALYSIS

Dunn's Complaint alleges the same problem that she argued before the ALJ: the combination of her obesity, diabetes mellitus, scoliosis, and carpel tunnel syndrome renders her unable to work. (D.E. 4.) She does not contend that the ALJ made any specific errors in his decision on her claim nor provide any evidence to substantiate her ongoing complaints. Our review is limited to whether the ALJ had substantial evidence for his conclusions in the five-step evaluation process.

At step one of the evaluation process, the ALJ determined whether Dunn continued to engage in "substantial gainful activity" during the period of her alleged disability. The ALJ decided this issue in Dunn's favor, finding that she had continued to work as a daycare provider during her alleged disability but that this work was not "substantial" activity. (Tr. 14.) The ALJ supported his decision by Dunn's own testimony that she had continued to care for children in her home, but that she had reduced the number of children she formerly cared for to a single child. (Tr. 14, 30-31.) This evidence provides substantial and uncontroversial support for the ALJ's favorable determination at step one.

At step two, the ALJ determined that Dunn's obesity, diabetes mellitus, scoliosis, and carpal tunnel syndrome were "severe impairments" that could be expected to limit her physical functioning for a period of longer than twelve months. (Tr. 15.) The ALJ also determined that Dunn's asthma was not a severe impairment, noting that "pulmonary function testing . . . and her longitudinal medical evidence of record did not reveal ongoing problems that create work related limitations." (Tr. 15, 225-229.)

Dunn bore the burden of production and proof at this step in the inquiry and did not show that her asthma constituted a severe limitation. *See Pass*, 65 F.3d at 1203. She testified that her

asthma was treated by medication and that she had not recently needed hospitalization or emergency treatment for the problem. (Tr. 37.) This testimony combined with the results of Dunn's pulmonary function test provided substantial evidence for the ALJ's determinations at step two.

At step three, Dunn was required to show by a preponderance of evidence that she had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See Tune*, 760 F. Supp. 2d at 561. The ALJ determined that Dunn did not meet her burden with respect to any of her impairments. (Tr. 15.)

The ALJ supported his decision on this matter by examining the terms of Appendix 1 Listings 1.04A, B, and C on the issue of scoliosis; Listing 9.0 on the issue of diabetes; and Listing 1.08 on the issue of carpal tunnel. (Tr. 15.) The ALJ explained the specific shortcoming in each case that accounted for the failure of Dunn's impairments to qualify as sufficiently severe under the terms of the Act. (Tr. 15.) The ALJ's conclusions were further supported by evidence in the record from the reconsideration phase of Dunn's administrative review. Medical examiner Robert M. Gardner, M.D. analyzed all of the medical evidence on Dunn's claims and concluded that Dunn was capable of medium work, with restrictions. (Tr. 64-73.) This medical evaluation, combined with a careful analysis of the requirements imposed by the relevant sections of 20 C.F.R. Part 404, Subpart P, Appendix 1, provided substantial evidence for the ALJ's conclusions at step three.

At step four, the ALJ must analyze the claimant's mental and physical capabilities to determine whether she can perform her past work activity. *See Pass*, 65 F.3d at 1203. The ALJ must engage in a two-step evaluation process. First, he must examine the objective medical

evidence produced by the claimant of an impairment reasonably likely to cause disability. After the claimant has met this threshold obligation, the ALJ then considers the claimant's subjective claims about the intensity, persistence, and disruptiveness of her impairments in the light of all the available evidence. 20 C.F.R. § 404.1529; *Craig v. Chater*, 76 F.3d 585, 595-96 (4th Cir. 1996). At this second step, the ALJ must assess the credibility of the claimant's complaints in relation to all the evidence in the record. *Craig*, 76 F.3d at 596.

Here, the ALJ properly followed this two step process and determined that Dunn had an RFC "to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) with frequent, but not continuous use of the hands." (Tr. 15.) The ALJ first considered the findings of two comprehensive physical examinations by two different doctors; the results of an orthopedic evaluation of Dunn's hands; the conclusions of an internist's evaluation of Dunn's spine and pelvis; and the x-rays and other findings from her treatment by a physical therapist. (Tr. 16-17.) While the objective findings of these medical evaluations suggest that Dunn suffers from various impairments, they did not suggest that Dunn was unable to perform ordinary activities, including those associated with exercise for weight loss. (*Id.*)

The ALJ found that all of the objective medical evidence gathered from these sources rendered Dunn's subjective complaints about the severity of her condition incredible. (Tr. 16.) He deemed her complaints unsupported by the medical evidence and rendered an RFC assessment consistent with that evidence. (Tr. 18.)

IV. CONCLUSION

For the aforementioned reasons, there was substantial evidence to support the ALJ's determinations at each step of the evaluation process. Accordingly, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (D.E. 18) be DENIED, that the Defendant's

Motion for Judgment on the Pleadings (D.E. 19) be GRANTED and that the Commissioner's final decision be affirmed.

Dated: December 22, 2014

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE